UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Emir Venegas-Soto, | ) | C/A No.: 6:08-cv-70004 |
| | ) | C/A No.:6:06-cr-1080-1 |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | (Written Opinion) |
| United States of America, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

This matter comes before the Court on the petitioner's motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255, filed January 2, 2008. In accordance with Rule 4 of the Rules Governing §2255 Proceedings, the Court has conducted a preliminary review of the motion. Because it is clear from the record that petitioner is not entitled to relief on the bases asserted in his motion, the Court finds that summary dismissal is appropriate.

**Procedural Background**

Petitioner pleaded guilty on January 4, 2007, to possession with intent to distribute more than 500 grams of methamphetamine. At sentencing, Petitioner's attorney, Matthew J. Kappel, moved for a downward departure under 18 U.S.C. § 3553(a)(1). The Court granted the motion and sentenced the petitioner to a term of 70 months, a sentence 38 months below the low end of the advisory guidelines. Petitioner now claims that he was denied the effective assistance of counsel at sentencing.

## Discussion

Plaintiff brings this claim *pro se.* This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *See Boag v. MacDougall*, 454 U.S. 364, 365 (1982).

A § 2255 action is the appropriate mechanism for "a prisoner in custody[,] under sentence of a court established by [an] Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution[,] . . . to vacate, set aside[,] or correct the sentence." 28 U.S.C. § 2255. The petitioner alleges that his Sixth Amendment rights were violated because he was denied the effective assistance of counsel at sentencing.

"[T]he right to counsel is the right to the effective assistance of counsel." *Strickland v. Washington*, 466 U.S. 668, 685 (1984) (quoting *McMann v. Richardson*, 397 U.S. 759, 771 n.14 (1970)). The purpose of this requirement is to ensure each criminal defendant receives a fair trial. *Strickland*, 466 U.S. at 686. A petitioner must show two things to evince ineffective assistance of counsel: (1) attorney error—that the attorney's representation fell below an objective standard of reasonableness; and (2) prejudice—"that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at

694.

*18 U.S.C. § 3553(a)*

Petitioner first argues that his attorney erred at sentencing by not arguing that the petitioner was entitled to a downward departure pursuant to 18 U.S.C. § 3553(b), and that petitioner was prejudiced by this error. The Court's final sentence was 38 months below the low end of the advisory guidelines. In its statement of reasons for departing from the guidelines, the Court noted that the downward departure was due to defense counsel's oral motion at sentencing based on § 3553(a). Clearly, defense counsel's choice to argue for a departure based on § 3553(a) rather than § 3553(b) was prudent because the Court granted the motion. Given this result, the Court finds that defense counsel's choice to argue for a downward departure under § 3553(a) rather than § 3553(b) was objectively reasonable.

Further, it appears that petitioner is also arguing that his attorney should have argued for a downward departure under § 3553(b) in addition to § 3553(a) because his case presented "an aggravating or mitigating circumstance" "that was not adequately taken into consideration by the sentencing commission on formulating the guidelines." (Pet. at 2-3) Section 3553(b) states in relevant part: "the court shall impose a sentence of the kind, and within the [guidelines] range . . . unless the court finds that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that

described." However, Petitioner does not allege the existence of any aggravating or mitigating circumstance. If no such circumstances exist, Petitioner's attorney could not argue for a § 3553(b) departure at sentencing. Therefore, the petitioner has failed to show that his attorney erred at sentencing.

### *Post-Conviction Rehabilitation*

Petitioner next argues that his attorney erred at sentencing by failing to argue that the Court should taken into account Petitioner's post-conviction, pre-sentencing rehabilitative efforts by seeking a downward departure under U.S.S.G. § 5K2.19. The petitioner is referring to the rehabilitative efforts he undertook while incarcerated between his guilty plea in January 2007 and his sentencing in August of 2007. Section 5K2.19 deals with post-sentencing rehabilitative efforts and, in fact, precludes a court from using such efforts, even if exceptional, as a basis for a downward departure. Therefore, Petitioner's attorney did not err by choosing not to make this argument.

### *Downward Departure for Conceding Removability*

Petitioner next argues that his attorney erred at sentencing by failing to argue that Petitioner was entitled to a two-point downward departure for conceding removability under *United States v. Gaither*, 1 F.3d 1040 (10th Cir. 1993). Though immigration authorities intend on seeking removal of the petitioner upon completion of his current sentence, there is no evidence in the record that defendant has conceded that he is indeed removable. Further, *Gaither* is inapposite to the facts of this case;

it does not stand for the proposition that a court can grant a two-point departure if a defendant concedes removability. Therefore, Petitioner's attorney did not err by choosing not to make this argument.

### *Misrepresentation of Plea Agreement*

Finally, Petitioner argues that his attorney erred by misrepresenting and misadvising the defendant about the potential sentence he faced if Petitioner signed the plea agreement. In addition to attorney error as described above, to evince prejudice for ineffective assistance of counsel during the plea stage, a petitioner must show "that there is a reasonable probability that, but for the counsel's errors, [the petitioner] would not have pleaded guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985).

Specifically, Petitioner contends that his attorney "misrepresented and misadvised the plea to defendant about the condition of his plea bargain when specifically inquired by defendant, in as much as counsel knew that defendant's whole behavior and guilty plea was structured to avoid a plea agreement that would [] result in a long sentence or prison time." (Pet. at 5) However, in his plea agreement, the petitioner agreed that he understood that the actual sentence he would receive was in the sole discretion of the court. Further, the petitioner's total offense level was reduced by 3 points for accepting responsibility, a direct effect of signing the plea agreement. Petitioner's counsel acted reasonably and thoroughly in procuring the shortest possible sentence for the petitioner by counseling him to enter into a plea

agreement, an agreement that Petitioner himself signed. Therefore, this Court finds that Petitioner's attorney acted reasonably in dealing with the petitioner's plea negotiations.

## Conclusion

The petitioner has failed to demonstrate that he was deprived of the effective assistance of counsel as alleged in his petition. Therefore, in accordance with Rule 4 of the Rules Governing §2255 Proceedings, this Court DISMISSES the immediate petition.

IT IS THEREFORE SO ORDERED THAT this petition be DISMISSED.

IT IS SO ORDERED.

_____
G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

May 6, 2008
Anderson, South Carolina

## NOTICE OF RIGHT TO APPEAL

Pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, Petitioner has the right to appeal this Order within sixty (60) days from the date of its entry. Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, **will waive the right to appeal.**